O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| ARMANDO LANDEROS LLAVAYOL, § § § | |
| *Plaintiff*, § § | |
| v. § | Civil Action No. 5:06-cv-125 |
| § | |
| THE COCA-COLA CO.; REYCARLO § | |
| ENTERPRISES, INC.; REYNALDO § | |
| GARCIA; MIRTA GARCIA; PAULA § | |
| GARCIA, § § | |
| *Defendants*. § | |

**OPINION & ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration of this Court's Opinion & Order, [Dkt. No. 30], granting Defendants' Motion to Transfer to the Southern District of Texas, McAllen Division, [Dkt. No. 15], and Defendant Coca-Cola Company's Motion for Summary Judgment, [Dkt. No. 33].

Plaintiff is a Mexican citizen who owns a chain of convenience stores, one of which operates in Laredo, Texas. [Dkt. No. 1, ¶ 4]. He is also the author of the architectural design used to construct his stores—the so-called "Super Six" and "Maximaqueta X" designs, for which Plaintiff has allegedly applied and received copyrights. [Dkt. No. 1, ¶¶ 10-11]. On August 14, 2006, Plaintiff filed suit, accusing Defendants of improperly constructing, operating, and/or using retail stores in Mission, Texas that make use of Plaintiff's trade dress, trademarks and Plaintiff's "distinctive store design." [Dkt. No. 1, ¶ 14].

On September 5, 2006, Defendants Reycarlo Enterprises, Reynaldo Garcia, and Mirta Garcia sought transfer of this suit to the U.S. District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 15]. The Court's decision to grant transfer was based partly on the fact that, with the exception of Defendant Coca-Cola Company, all Defendants reside in the McAllen area. Plaintiff now notifies the Court that he has settled his claims with the McAllen area Defendants, [Dkt. No. 31], and, as such, he claims the issue of transfer is now moot. Accordingly, Plaintiff argues that the Court should vacate its order of transfer.

Although Plaintiff fails to expressly invoke the provision governing motions for reconsideration, such are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served . . . If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Because Plaintiff filed his Motion for Reconsideration one day after the Court's order of transfer, Rule 59(e) governs the instant matter. Importantly, a Rule 59(e) motion will be granted only to correct "manifest errors of law or fact or to present newly discovered evidence." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *see also Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

Plaintiff settled with the aforementioned Defendants on April 23, 2007, several days before this Court ordered transfer. [Dkt. No. 31, ¶ 1-2]. Nevertheless, Plaintiff, knowing at the time of settlement that Defendants' Motion to Transfer was pending, failed to promptly notify the Court

of settlement because "Plaintiff was awaiting the final answer from . . . Defendant Coca-Cola Company as agreed at mediation." [Dkt. No. 31, ¶ 6]. The Court does not understand this explanation; It is not self-evident that Plaintiff was prohibited or unable to immediately notify the Court of his settlement with the remaining Defendants merely because he had not yet finalized settlement with Coca Cola. A Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79; *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). As such, Plaintiff's failure to promptly notify the Court of facts relevant to Defendant's Motion to Transfer is not a basis for granting a Rule 59(e) Motion.

Even if the Court were inclined to vacate its transfer order, it is doubtful it enjoys jurisdiction to do so, as the case was transferred on May 1, 2007. Courts have repeatedly noted that parties who wish to reargue a transfer motion must, before requesting reconsideration of a transfer order, move to *stay* the transfer in the transferor court. *Compare In re Southwestern Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963) (Because "the plaintiff . . . had [failed to] seasonably move[] for a stay within which to seek review" of the district judge's transfer order, the transfer proceeded and its completion could no longer be reviewed); *with Pendleton v. Armortec, Inc.*, 729 F. Supp. 495, 496-97 (M.D. La. 1989) (Treating as key to the *Southwestern* decision the fact that "the transfer was completed prior to any stay order being issued . . . ."); *see also Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) ("Although service of the plaintiff's motion for reargument was made . . . before the papers had been lodged with the clerk of the [transferee court,] that did not stay the transfer, or preserve the jurisdiction of the [transferor court.] If the plaintiff had moved seasonably for a stay, and the stay had been denied, his motion might conceivably have preserved his right, but he did not do so.").

No basis exists for granting Plaintiff relief. Indeed, the case law suggests the Court lacks the jurisdiction to be so generous. Plaintiff's Motion for Reconsideration, [Dkt. No. 31], is **DENIED**. Defendant Coca-Cola's Motion for Summary Judgment, [Dkt. No. 33], having been filed subsequent to transfer, must be **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED.

Done this 1st day of August, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**